**DANIEL J. AARON, P.C.**
ATTORNEY AT LAW
125 PARK AVENUE, 25TH FLOOR
NEW YORK, NEW YORK 10017
E-MAIL: danielaaron@djaaron.onmicrosoft.com

| | |
|---|---|
| **DANIEL J. AARON** | TEL 212-684-4466 |
| Admitted NY & CT | FAX 212-684-5566 |

May 10, 2024

Hon. Andrew L. Carter, Jr.                                 *via ECF*
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Kee v. The Detroit Lions, Inc., et al.*, Case No. 1:24-cv-223-ALC

Dear Judge Carter:

We represent The Detroit Lions, Inc. ("Detroit Lions") in the above-referenced action. We write pursuant to Rule 2(A) of your Honor's Individual Rules to request a pre-motion conference in order to move to dismiss for lack of personal jurisdiction and improper venue. The bases are set forth below.

**A.     Relevant Background Facts**

Plaintiff is a sports photographer who "currently is a resident of both Florida and Connecticut." ECF 50, ¶¶ 1–2. The Detroit Lions "is a Michigan for-profit corporation with its principal office located at 222 Republic Drive, Allen Park, Michigan, 48101." *Id.*, ¶ 3. Plaintiff alleges that in September 1995, Plaintiff took a photograph of Barry Sanders ("Photo"), a professional football player at the time employed by the Detroit Lions, while Sanders was actively playing in a professional football game.

In September 2023, the Lions unveiled a statue depicting Sanders performing a signature evasive cutback move emblematic of Sanders' hall-of-fame career ("Statue"). *Id.*, ¶ 73. The Statue is located at the corner of two public streets near Ford Field located in Detroit, Michigan. The Detroit Lions also published a short 8-minute-long documentary video on YouTube capturing the sculpting process of the Statue ("Documentary") at the artist's studio in Illinois. *Id.*, ¶¶ 76-77. A cutout of the Photo can be seen in the Documentary among other depictions of Sanders. *Id.*, ¶ 79. Plaintiff contends that the Statue and Documentary infringe the asserted copyright. *Id.*, ¶¶ 84-85, 108. Notably, there is no allegation that the NFL had anything to do with the Statue or the Documentary. *Id.*, ¶¶ 73-85. Without any allegation of fact, Plaintiff also insinuates that the Detroit Lions may somehow be responsible for the alleged conduct of other defendants. *See* ¶¶ 110-112.

**B.     There Is No Personal Jurisdiction**

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 73 (2d Cir. 2023) (citation omitted). Here, the allegations against the Detroit Lions are

May 8, 2024
Page 2

based upon a statue located in Michigan and a video filmed in Illinois. Plaintiff resides in Florida and Connecticut. There is no nexus between the claims against the Detroit Lions and New York. The claims should be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

### i.   There is no general jurisdiction

Personal jurisdiction can be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). General jurisdiction exists when a corporation's contacts with the forum state "are so 'continuous and systematic' as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 581 U.S. 117, 139 (2014). Typically, this requirement is only satisfied when a corporation is incorporated, or has a principal place of a business, in the forum state. *See id.* ("With respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction.'"). There are limited exceptions to this rule, but they are reserved for "exceptional" circumstances. *Farell v. United States Olympic & Paralympic Comm.*, 567 F. Supp. 3d 378, 385 (N.D.N.Y. 2021). The Detroit Lions are not at home in New York. The Detroit Lions organization is not incorporated in New York and does not have a principal place of business in New York. Further, the Complaint does not identify any facts that would lend credence to the notion that there are "exceptional circumstances" sufficient to justify a finding that the Detroit Lions are otherwise at home in New York. *See generally Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 (2d Cir. 2020). Accordingly, the Court lacks general jurisdiction over the Detroit Lions.

### ii.   There is no specific jurisdiction

The Court also lacks specific personal jurisdiction over the Detroit Lions. Specific personal jurisdiction exists if: (1) personal jurisdiction is authorized by a state's long arm statute *and* (2) exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d. Cir. 1999). As to the Detroit Lions, Plaintiff failed to make a prima facie showing that specific personal jurisdiction exists under either N.Y. C.P.L.R. § 302 or the Due Process Clause of the Fourteenth Amendment.

The Complaint fails to allege facts sufficient to establish personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1) because, among other reasons, the cause of action does not "arise from" any alleged contacts that the Detroit Lions have with New York. *Best Van Lines, Inc. v. Walker*, 490 F.3d 329, 246 (2d Cir. 2007). There is no nexus or substantial relationship between Plaintiff's copyright claim against the Detroit Lions and any alleged contacts between the Detroit Lions and New York. The alleged infringement occurred in Illinois and Detroit. Plaintiff's vague allegations that the Detroit Lions generally conduct business in New York are attenuated at best, and even the alleged affiliation between the Detroit Lions and the other Defendants does not confer personal jurisdiction over the Detroit Lions. *See Ingenito v. Riri USA, Inc.,* 89 F. Supp. 3d 462, 477 (E.D.N.Y. 2015) ([e]ven where an in-state subsidiary is 100% owned by the alleged principal, the plaintiff must establish that "the nondomiciliary parent corporation knew of and consented to the acts of its in-state subsidiary that gave rise to the cause of action, and 'exercised some control over [the subsidiary] in the matter."); *see also Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 647 (S.D.N.Y.

May 8, 2024
Page 3

2008) (rejecting conclusory allegations that defendant controlled accused infringer). Further, the requirements of N.Y. C.P.L.R. § 302(a)(2) and (3) are not satisfied because the Detroit Lions did not commit a tortious act while physically present in New York and did not cause an alleged injury to a person or property located in New York.

**C.  The requirements of Due Process are not satisfied**

Plaintiff also failed to plead a prima facie case for personal jurisdiction over the Detroit Lions under the Due Process Clause of the Fourteenth Amendment. In order to satisfy the Fourteenth Amendment, a defendant must have "certain minimum contacts with [a forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).. To comport with due process, "[t]he Supreme Court has set out three conditions … First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State.  Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct.  Finally, the exercise of jurisdiction must be reasonable under the circumstances." *United States Bank Nat'l Ass'n,* 916 F.3d 143, 150 (internal citations and quotations omitted). Each of these "conditions" must be satisfied for the Court to exercise specific jurisdiction. *United States Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). None are satisfied here.  Plaintiff does not allege any conduct of the Detroit Lions in New York, nor any injury claimed by Plaintiff in New York.

**D.  Venue is Improper**

As articulated above, the Detroit Lions are incorporated in Michigan and thus reside there.  There is neither general nor specific personal jurisdiction over the Detroit Lions in New York.  Venue is therefore improper in this district under 28 U.S.C. § 1400(a).  And under 28 U.S.C. § 1406(a) where, as here, "a plaintiff files an action in the wrong venue, the Court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Stewart v. Boeing Co.*, 2023 U.S. Dist. LEXIS 48922, at *2 (S.D.N.Y. Mar. 22, 2023).

Accordingly, we respectfully request that the Court schedule a pre-motion conference to discuss the Detroit Lions' anticipated motion and to set a briefing for such motion.

Respectfully submitted,

*Daniel Aaron*
Daniel J. Aaron, Esq.

BODMAN PLC
Susan M. Kornfield (*pro hac vice* forthcoming)
Justin P. Bagdady (*pro hac vice* forthcoming)

Cc:  All counsel of record (via ECF)