## Skadden, Arps, Slate, Meagher & Flom llp

ONE MANHATTAN WEST

NEW YORK, NY 10001

―――

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
212-735-3067
DIRECT FAX
917-777-3067
Email
Jordan.Feirman@skadden.com

FIRM/AFFILIATE OFFICES
―――
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
―――
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

May 10, 2024

**VIA ECF AND EMAIL**
Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

      RE:    *Kee v. The Detroit Lions, Inc. et al.*, No. 1:24-cv-00223-ALC (S.D.N.Y.)

Dear Judge Carter:

      In accordance with Your Honor's Individual Practice 2.A, we write on behalf of Defendants NFL Properties LLC and NFL Enterprises LLC (the "**NFL Parties**") to request a pre-motion conference in connection with an anticipated Rule 12(b)(6) motion to dismiss the claims against the NFL Parties in the First Amended Complaint (ECF No. 50, "**FAC**"). All of the causes of action asserted against the NFL Parties are meritless and, as communicated to Plaintiff in letters sent on April 22 and April 30, the claims newly added in the FAC—for breach of contract, providing false copyright management information ("**CMI**"), and declaratory judgment—are vexatious, if not frivolous.[1]

    **A.**    **Background: Plaintiff's Deficient and Contradictory Allegations**

      The initial Complaint in this action (ECF No. 1) included a lone count for infringement of copyright in a photo of Barry Sanders (the "**Photo**"). Plaintiff contended

---

[1] The NFL Parties informed Plaintiff that they reserved all rights to seek relief if the new claims were not withdrawn. Plaintiff's counsel disagreed with the NFL Parties' characterization of the claims, but sought consent to amend the pleading a second time without being clear as to what changes would be made. For a variety of reasons, the NFL Parties did not and do not consent to yet another amendment. The NFL Parties are not aware of whether Plaintiff reached out to any other defendants for consent to amend.

Honorable Andrew L. Carter
May 10, 2024
Page 2

that the Photo was infringed by (1) a statue outside the Detroit Lions' stadium, and (2) two retail products manufactured by co-defendants (the "**Products**"), with the NFL Parties alleged to be liable for the Products only.  The initial pleading also included stray allegations, pled "[u]pon information and belief," that twenty years ago ("in or about 2004"), the NFL Parties "agreed to return [Plaintiff's] original slides" to him but did not do so. (ECF No. 1, ¶¶ 54-55.)  As was later explained to Plaintiff's counsel, however, that allegation was false; in fact, Plaintiff had executed an agreement in 2004 (governed by New York law) that explicitly authorized the NFL Parties to transfer any of Plaintiff's physical slides in their possession to a licensing agent called WireImage.

Apparently without investigating, Plaintiff simply devised new claims in an attempt to plead around his 2004 authorization.  The FAC thus asserts that, *in 2004*:  (1) the NFL Parties "agreed to either return or physically transfer" Plaintiff's slides to WireImage; and (2) "[u]pon information and belief," the NFL Parties did not transfer his slides, including the Photo and other wholly unspecified "archival" photos, to WireImage.  (FAC ¶¶ 54-57.)  These allegations are the basis of a breach of contract claim that notably fails to identify the actual contract at issue, and is paired with a wholly contradictory claim seeking a declaration that the NFL Parties "*improperly* transferred [the Photo] to WireImage." (*Id.* ¶ 142 (emphasis added).)

B.  **The FAC Fails to State Any Claims Against the NFL Parties**

As an initial matter, the FAC's reliance on "information and belief" allegations even as to information that is or should be within Plaintiff's own knowledge is a fatal pleading flaw unto itself. (*See, e.g.*, FAC ¶¶ 52, 55, 60, 129, 131.) "Information and belief" is not a crutch that can be relied upon to fix baseless, speculative, or conclusory accusations.  *See Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018). In all events, each of the individual claims against the NFL Parties should be dismissed, including without limitation for the following reasons:

**Breach of Contract (Count II, FAC ¶¶ *128-32*)**:  Plaintiff's failure to identify the contract at issue, "let alone which specific contractual provision[ ] Defendant breached," alone requires dismissal.[2]  *Scanni v. N.Y. Life Ins. & Annuity Co.*, 21-CV-00180, 2023 WL 2710921, at *4 (E.D.N.Y. Mar. 30, 2023).  So, too, does the FAC's failure to identify any of the "archival" photos.  But even if the contract was pled and the images identified, it is indisputable that *the statute of limitations expired fourteen years ago*; the alleged breach was the NFL Parties' supposed failure to transfer Plaintiff's photos *in 2004*.  *See* N.Y. C.P.L.R. § 213(2) (six year statute of limitations for breach of contract claims); *ITT Corp.*

---

[2] Although the NFL Parties have an inkling of the agreement, the FAC's failure to identify that document, overreliance on "information and belief" pleading, and inconsistent claim for declaratory judgment render unclear what Plaintiff believes is at issue.

Honorable Andrew L. Carter
May 10, 2024
Page 3

*v. Lee*, 663 F. App'x 80, 84 (2d Cir. 2016) (affirming dismissal where suit was filed seven years after merger that constituted alleged breach).

***Digital Millennium Copyright Act § 1202 (Count III, ¶¶ 133-36)***: The claim that the NFL Parties incorporated and/or distributed false CMI in connection with the Photo is conclusory, and devoid of factual allegations regarding the circumstances of the violation, what original CMI was present, where the supposedly false CMI is visible, how Plaintiff was damaged, etc. Even those conclusory allegations are pled solely "[u]pon information and belief" (FAC ¶¶ 61, 134-35) and do not pass Rule 12 muster. *See, e.g., Krechmer v. Tantaros*, 747 F. App'x 6, 9-10 (2d Cir. 2018) (dismissing § 1202 claim where pleading provided no factual basis for the "double scienter requirement" in the statute); *Lixenberg v. Complex Media, Inc.*, No. 22-CV-354, 2023 WL 144663, at *5 (S.D.N.Y. Jan. 10, 2023) (dismissing claim where pleading lacked allegations of false CMI that "plausibly conveys authorship of" photo); *Crowley v. Jones*, 608 F. Supp. 3d 78, 91 (S.D.N.Y. 2022) (dismissal for failure to "identify the existence of CMI on the [p]hotograph").

***Declaratory Judgment (Count IV, ¶¶ 137-42)***: As noted above, Plaintiff seeks a declaration that contradicts his contract theory. The contract claim posits that the NFL Parties broke a promise by failing to transfer photos to WireImage, while the declaratory judgment claim seeks a declaration that the NFL Parties *did* make the transfer but that it was "improper[ ]." (FAC ¶ 142.) But even if the FAC sought a declaration that the NFL Parties failed to transfer the photo to WireImage, the claim would fail as entirely duplicative of the contract claim. *See, e.g., Jujamcyn Theaters LLC v. Fed. Ins. Co.*, 659 F. Supp. 3d 372, 382-83 (S.D.N.Y. 2023) (Carter, J.). Plaintiff also appears to seek a declaration that the NFL Parties do not have "authority to offer, sell, or distribute" Mr. Kee's unidentified "archival" photos without his knowledge and consent (FAC ¶ 142), but there is no allegation that the NFL Parties have ever claimed such authority (and indeed the NFL Parties have never claimed such authority). Accordingly, there is no justiciable case or controversy. *See, e.g., Strongbow Holdings, LLC v. RMS Titanic, Inc.*, No. 22-cv-5680, 2023 WL 4897393, at *8 (S.D.N.Y. Aug. 1, 2023) (dismissing plaintiff's request for a declaration that "Defendants have no legal rights or interests" where defendants "admit to no longer having any" such rights or interests).

***Copyright Infringement (Count I, FAC ¶¶ 115-27)***: With respect to the NFL Parties, the infringement claim is limited solely to the Products and relies only on secondary liability.[3] The FAC does not plead any facts suggesting contributory liability for the NFL Parties, as there are no allegations concerning their knowledge or inducement of infringement. At most, the FAC arguably suggests the NFL Parties are *vicariously*

---

[3]  The FAC lacks factual allegations suggesting the NFL Parties engaged in directly infringing activity, and acknowledges that the NFL Parties only "grant[ ] licenses to use the *trademarks*" of NFL clubs in connection with the Products. (FAC ¶ 89 (emphasis added).)

Honorable Andrew L. Carter
May 10, 2024
Page 4

liable, but the allegations to that effect are conclusory.  Plaintiff merely recites the elements of the claim when alleging that the NFL Parties—again, "[u]pon information and belief"—had "the right and practical ability to control" the posting of the Products online (FAC ¶ 121) and that "[all] DEFENDANTS obtained direct financial benefits from their infringements" of the Photo (*id.* ¶ 123).  Those allegations are insufficient on their face.  *See, e.g.*, *Lixenberg*, 2023 WL 144663, at *3 (dismissing contributory and vicarious infringement claims based on conclusory statements reciting the elements of those claims).

      For the foregoing reasons, the NFL Parties respectfully submit that all claims against the NFL Parties in the First Amended Complaint should be dismissed with prejudice, and request a pre-motion conference at the Court's convenience.

      Respectfully submitted,

      */s Jordan A. Feirman*
      Jordan A. Feirman

cc: Counsel of Record (via ECF)