**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

ALLEN KEE,

                 *Plaintiff*,

       - against -

THE DETROIT LIONS, INC.; GETTY
IMAGES (US), INC.; NFL
PROPERTIES, LLC; NFL
ENTERPRISES, LLC; FANATICS
RETAIL GROUP NORTH, LLC; DICK'S
SPORTING GOODS, INC.; BULLION
INTERNATIONAL, INC. D/B/A THE
HIGHLAND MINT; TIMELESS
CREATIONS, INC.; MCFARLANE
TOYS, INC.; KEVIN GORDON D/B/A VC
COLLECTIBLES; AND JOHN DOES 1-10,

                 *Defendants*.

-------------------------------------------------------------- x

Civil Case No. 1:24-cv-223-ALC

**ANSWER TO FIRST AMENDED**
**COMPLAINT AND**
**AFFIRMATIVE DEFENSES BY**
**GETTY IMAGES (US), INC.**

      Defendant Getty Images (US), Inc. ("Getty Images"), by its attorneys Davis Wright

Tremaine LLP, as and for its Answer to Plaintiff Allen Kee's ("Plaintiff") First Amended

Complaint, states and alleges as follows:

<u>**PARTIES**</u>

      1.     PLAINTIFF is a professional sports photographer who earns a living in part by

selling and licensing his original photographs and earning royalties from customers who

purchase licenses to publish and otherwise use PLAINTIFF'S photographic works.

<u>**ANSWER**</u>:  Getty Images lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 and therefore denies those allegations.

      2.     PLAINTIFF currently is a resident of both Florida and Connecticut.

<u>**ANSWER**</u>:  Getty Images lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 and therefore denies those allegations.

      3.     Upon information and belief, DETROIT LIONS is a Michigan for-profit

corporation with its principal office located at 222 Republic Drive, Allen Park, Michigan, 48101.

**ANSWER**:  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies those allegations.

4.      Upon information and belief, DETROIT LIONS is the corporate entity that owns/operates the Detroit Lions professional football team – one of thirty-two organizations or "clubs" that comprise the National Football League ("NFL") – and all Lions-related trademarks.

**ANSWER**:  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies those allegations.

5.      Upon information and belief, NFL PROPERTIES and NFL ENTERPRISES are corporate entities created, organized, and operated by the NFL on behalf of its member clubs, including DETROIT LIONS.

**ANSWER**:  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies those allegations.

6.      Upon information and belief, NFL PROPERTIES is a Delaware corporation registered to do business in New York, with a registered agent located at CT Corporation System, 28 Liberty Street, New York, NY 10005.

**ANSWER**:  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies those allegations.

7.      Upon information and belief, NFL PROPERTIES is the corporate entity that owns and manages all trademarks and other intellectual property assets of the NFL and the NFL's member clubs, including DETROIT LIONS, which have each licensed the management of their intellectual property assets to NFL PROPERTIES.

**ANSWER**:  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies those allegations.

8.      Upon information and belief, NFL ENTERPRISES is a Delaware corporation registered to do business in New York, with a registered agent located at CT Corporation System, 28 Liberty Street, New York, NY 10005.

**ANSWER**:  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies those allegations.

9.      Upon information and belief, NFL PROPERTIES and/or NFL ENTERPRISES, directly or through and/or in conjunction with corporate partners, create, sell, license, and distribute both NFL-related and Lions-related merchandise, including through the "NFL Shop" and its related website located at https://www.nflshop.com/.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies those allegations.

10.     Upon information and belief, NFL PROPERTIES and/or NFL ENTERPRISES, own and financially benefit from the revenue generated by the NFL Shop.

**ANSWER**:  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies those allegations.

11.     Upon information and belief, the NFL – acting through various subsidiaries and related corporate entities, including NFL PROPERTIES and NFL ENTERPRISES, and on behalf of the NFL's member clubs, including the DETROIT LIONS – organizes professional football games and events throughout the country for entertainment purposes, including games involving the DETROIT LIONS that have and will occur in New York State and this District.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies those allegations.

12.    Upon information and belief, the NFL acts through its various subsidiaries and related corporate entities, including NFL PROPERTIES and NFL ENTERPRISES, and on behalf of its member clubs, including the DETROIT LIONS, to sell and/or license the rights to broadcast, stream, air, and otherwise publish and distribute the NFL's entertainment events and products to numerous media partners, including media partners located and doing business in this District.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies those allegations.

13.    Upon information and belief, GETTY IMAGES is a corporation registered in New York, with a registered agent located at CT Corporation System, 28 Liberty Street, New York, NY 10005.

**ANSWER:**  Admit.

14.    Upon information and belief, TCI is an Illinois corporation with its registered address at 1485 Eastwood Avenue, Highland Park, IL 60035.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies those allegations.

15.    Upon information and belief, TCI also does business as the "Fine Art Studio of Rotblatt Amrany," through which it operates a fine arts studio and receives commissions to create sculptures and other public artwork located around the country.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies those allegations.

16.     Upon information and belief, TCI has entered into contracts and/or otherwise does substantial and ongoing business with corporate entities located in this District, including several of the remaining defendants as alleged herein.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies those allegations.

17.     Upon information and belief, FANATICS is a Delaware corporation and the licensing partner of NFL PROPERTIES for retail apparel, memorabilia, and merchandising purposes.

        **ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies those allegations.

18.     Upon information and belief, FANATICS owns and operates the website located at www.fanatics.com.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies those allegations.

19.     Upon information and belief, FANATICS also has partnered with NFL PROPERTIES and NFL ENTERPRISES to operate the NFL Shop website.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies those allegations.

20.     Upon information and belief, DSG is a Pennsylvania corporation registered to do business in New York with a registered agent located 80 State Street, Albany, New York 12207.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies those allegations.

21.     Upon information and belief, HIGHLAND MINT is a Florida corporation with its

registered address at 4100 North Riverside Drive, Melbourne, FL 32937.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies those allegations.

22.     Upon information and belief, HIGHLAND MINT is the official partner of the NFL in creating "minted" memorabilia products, sold and distributed around the country, including the official "flip-coin" tossed at the beginning of every NFL game.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies those allegations.

23.     Upon information and belief, HIGHLAND MINT has entered into contracts and/or otherwise does substantial and ongoing business with corporate entities located in this District, including several of the remaining defendants as alleged herein.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies those allegations.

24.     Upon information and belief, MCFARLANE is a Michigan corporation with its headquarters located in Arizona, at 1711 W. Greentree Drive, Suite 212, Tempe, AZ 85284.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies those allegations.

25.     Upon information and belief, MCFARLANE owns and operates a toy manufacturing and licensing business, through which it partners with other entities, including the NFL, to create and sell "officially licensed" toy figurines and collectible items.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies those allegations.

26.     Upon information and belief, VC COLLECTIBLES is owned and operated by

residents of Arizona who display and sell memorabilia products on/through eBay.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies those allegations.

27.     Together, FANATICS, DSG, HIGHLAND MINT, MCFARLANE, and VC COLLECTIBLES are referred to herein as the "RETAIL DEFENDANTS."

**ANSWER:** Paragraph 27 states a conclusion to which no response is required. To the extent a response is required, Getty Images denies the allegations in paragraph 27.

28.     Upon information and belief, JOHN DOES are currently unidentified individuals and entities that also were involved in the infringing conduct alleged herein.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies those allegations.

## JURISDICTION AND VENUE

29.     This is an action for copyright infringement and related claims brought by PLAINTIFF, the registered owner of the copyrights in and to the photographic work at issue, against DEFENDANTS for unauthorized and infringing use of PLAINTIFF'S copyrighted work.

**ANSWER:** Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, Getty Images lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, and therefore denies the same.

30.     Jurisdiction for PLAINITFF'S copyright claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

**ANSWER:** Getty Images admits that this Court has subject matter jurisdiction over this dispute.

31.     Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because, upon information and belief, each DEFENDANT maintains offices in, resides in, and/or conducts substantial and consistent business within this District and because PLAINTIFF'S copyrights have been violated in this District as alleged herein.

**ANSWER:**  Getty Images admits that venue is proper in this Court as to the claims against Getty Images, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the remaining defendants and therefore denies those allegations, and therefore denies those allegations.

32.     Upon information and belief, the NFL – acting through various subsidiaries and related corporate entities, including NFL PROPERTIES and NFL ENTERPRISES, and on behalf of the NFL's member clubs, including the DETROIT LIONS – directly promotes and advertises its entertainment product nationwide, including in this District, via all manner of media platforms and distribution channels.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies those allegations.

33.     Upon information and belief, DETROIT LIONS has undertaken numerous contractual relationships with and through NFL PROPERTIES and/or the NFL's various subsidiaries and related corporate entities.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies those allegations.

34.     Upon information and belief, the DETROIT LIONS, acting through its owners, employees, or other agents, regularly transacts business in this District, including both separately

on its own and through and with NFL PROPERTIES and the NFL's other various subsidiaries and related corporate entities.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies those allegations.

35.     Upon information and belief, DETROIT LIONS' owners, employees, and/or other agents regularly attend business meetings and otherwise conduct business in this District, including but not limited to regarding its business dealings and relationships with and through the NFL and the NFL's various subsidiaries and related corporate entities.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies those allegations.

36.     Upon information and belief, GETTY IMAGES maintains offices and employees in this District and conducts constant business in this District, including distributing content to this District on a regular and consistent basis.

**ANSWER:**  Admit.

37.     Upon information and belief, FANATICS does substantial business in this District, maintains offices and employees in this District, and has substantial and ongoing business dealings with numerous business partners that also maintain offices and employees in this District.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies those allegations.

38.     Upon information and belief, TCI conducts substantial business in this District, including business dealings with certain of the remaining defendants who are located in this District as alleged herein.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies those allegations.

39.     Upon information and belief, DSG owns/operates a chain of sporting goods stores located across the United States, including in New York state.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies those allegations.

40.     Upon information and belief, each of the RETAIL DEFENDANTS advertise, sell, and distribute sports memorabilia products in the state of New York and in this District.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies those allegations.

41.     Upon information and belief, VC COLLECTIBLES has sold the infringing products identified herein to persons or business located in this District.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies those allegations.

42.     Upon information and belief, MCFARLANE has entered into contracts and/or otherwise does substantial and ongoing business with corporate entities located in this District, including several of the remaining defendants as alleged herein.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies those allegations.

43.     Upon information and belief, the infringing works and products identified herein that were created and have been displayed and sold by DEFENDANTS HIGHLAND MINT, TCI, MCFARLANE, FANATICS, AND DSG feature trademarks and other intellectual property

owned by NFL and DETROIT LIONS, which intellectual property is managed by NFL
PROPERTIES.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies those allegations.

44.    Upon information and belief, the infringing works and products identified herein that were created and have been displayed and sold by DEFENDANTS HIGHLAND MINT, TCI, MCFARLANE, FANATICS, and DSG were authorized and/or approved by NFL PROPERTIES, which is located in this District, and thus PLAINTIFF'S claims relate to violations of his rights that occurred in this District.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies those allegations.

## FACTUAL ALLEGATIONS

### *Plaintiff's Photograph*

45.    PLAINTIFF has been a professional sports photographer for over three decades.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies those allegations.

46.    At all times relevant to the allegations and claims herein, PLAINTIFF worked primarily as a freelance photographer rather than an employee of any business or licensing agency, and thus PLAINTIFF retained all copyrights in and to the photographs that he created and he earned royalties by selling or licensing his works to third parties.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies those allegations.

47.     On or about September 3, 1995, during a professional football game involving the DETROIT LIONS, PLAINTIFF created an iconic photograph of Barry Sanders (hereafter the "PHOTOGRAPH"), who at the time was a professional athlete playing football under contract with the DETROIT LIONS.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies those allegations.

48.     Attached hereto as <u>EXHIBIT 1</u> is a true and correct copy of PLAINTIFF'S PHOTOGRAPH.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and therefore denies those allegations.

49.     PLAINTIFF was not an employee of any entity or organization at the time he created the PHOTOGRAPH, and he did not create the PHOTOGRAPH under any "work for hire" arrangement or contract.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and therefore denies those allegations.

50.     PLAINTIFF is the sole author of the PHOTOGRAPH and is the exclusive owner of all copyrights in and to the PHOTOGRAPH.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore denies those allegations.

51.     PLAINTIFF has registered his copyrights in and to the PHOTOGRAPH with the United States Copyright Office under Registration No. VA 2-373-133.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore denies those allegations.

52.     Upon information and belief, in September 1995, PLAINTIFF submitted his PHOTOGRAPH for sublicensing to customers, along with other photographs that he created during the same game, to NFL Photos, which was a licensing agency created, owned, and operated by the NFL that was devoted to licensing and distributing photographs created at NFL events and games by freelance photographers, including PLAINTIFF.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and therefore denies those allegations.

53.     In submitting his PHOTOGRAPH to NFL Photos for sublicensing, PLAINTIFF did not relinquish any of his copyrights to the PHOTOGRAPH and he did not grant the NFL or any of its subsidiary corporate entities or member clubs any license or rights to use the PHOTOGRAPH without purchasing an additional usage license.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and therefore denies those allegations.

54.     Upon information and belief, NFL Photos ceased operations in or about 2004, at which time the NFL, acting through NFL PROPOERTIES (sic) /or NFL ENTERPRISES, agreed to either return or physically transfer any original slides submitted for licensing by freelance photographers, including PLAINTIFF (hereinafter, "PLAINTIFF'S ARCHIVAL COLLECTION"), to a new licensing agency called WireImage, a subsidiary of MediaVast, Inc. ("MediaVast").

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and therefore denies those allegations.

55.     Upon information and belief, the original slide of PLAINTIFF'S PHOTOGRAPH was not returned to him by the NFL, NFL PROPERTIES, or NFL ENTERPRISES at the time that NFL Photos ceased operations or at any time thereafter.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and therefore denies those allegations.

56.     The NFL, NFL PROPERTIES, or NFL ENTERPRISES did not return the original slides in PLAINTIFF'S ARCHIVAL COLLECTION to him.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and therefore denies those allegations.

57.     Upon information and belief, the NFL, did not physically transfer the original slides of PLAINTIFF'S ARCHIVAL COLLECTION to MediaVast.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore denies those allegations.

58.     Upon information and belief, the NFL moved many of the original slides submitted by freelance photographers that were not returned to their creators/owners or sent to MediaVast to an Iron Mountain storage facility located in California that, at the time, was owned and maintained by the NFL.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and therefore denies those allegations.

59.     Upon information and belief, the original slide of PLAINTIFF'S PHOTOGRAPH and the remaining slides in PLAINTIFF'S ARCHIVAL COLLECTION were among the slides that the NFL, NFL PROPERTIES, or NFL ENTERPRISES moved to its Iron Mountain storage facility when NFL Photos ceased operations.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore denies those allegations.

60.     Upon information and belief, an employee or agent of NFL PROPERTIES or NFL ENTERPRISES scanned and uploaded the PHOTOGRAPH and unknown additional photos in PLAINTIFF'S ARCHIVAL COLLECTION to WireImage's digital database without PLAINTIFF'S knowledge or consent.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and therefore denies those allegations.

61.     Upon information and belief, when NFL PROPERTIES or NFL ENTERPRISES scanned and uploaded the PHOTOGRAPH and unknown additional photos in PLAINTIFF'S ARCHIVAL COLLECTION to WireImage's digital database without PLAINTIFF'S knowledge or consent, NFL PROPERTIES or NFL ENTERPRISES falsely claimed to share and/or own copyrights in the PHOTOGRAPH.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 and therefore denies those allegations.

### *Getty Images*

62.     Between 2004 and 2007, PLAINTIFF licensed photographic works that he created during this time to WireImage.

**ANSWER:**    Getty Images admits that it is aware of agreements between Plaintiff and WireImage regarding licensing of photographic works, but lacks sufficient knowledge or information to form a belief as to, and therefore denies, the remaining allegations in paragraph 62.

63.     Upon information and belief, GETTY IMAGES acquired MediaVast, and its subsidiary WireImage, in 2007 for a purchase price reported at the time to be over $200 million dollars.

**ANSWER:**  Getty Images admits that Getty Images, Inc. acquired Media Vast in 2007 and affirmatively avers that the terms of that agreement are confidential; Getty Images lacks sufficient knowledge or information to form a belief as to what purchase price was reported at the time, and therefore denies the remaining allegations in paragraph 63.

64.     Following GETTY IMAGES' acquisition of MediaVast, PLAINTIFF entered into a contributing photographer agreement with GETTY IMAGES.

**ANSWER:** Getty Images admits that it entered into an agreement and subsequent amendments with Plaintiff, respectfully refers the Court to the agreement and amendments for a full and complete recitation of the contents thereof, and otherwise denies the remaining allegations in paragraph 64.

65.     Content that was subject to PLAINTIFF'S contributor agreement with GETTY IMAGES was limited to the photographic works that PLAINITFF created during his time submitting content to WireImage and which he may subsequently submit for relicensing.

**ANSWER:** Getty Images admits that it entered into an agreement and subsequent amendments with Plaintiff, respectfully refers the Court to the agreement and amendments for a full and complete recitation of the contents thereof, and otherwise denies the remaining allegations in paragraph 65.

66.     PLAINTIFF never submitted his PHOTOGRAPH to GETTY IMAGES for relicensing.

**ANSWER:**  To the extent Getty Images understands the allegations in paragraph 66, it denies them.

67.     PLAINTIFF did not authorize or approve GETTY IMAGES to publish, sell, or license the PHOTOGRAPH.

**ANSWER:**  Getty Images denies the allegations in paragraph 67.

68.     Upon information and belief, GETTY IMAGES has sold licenses to and distributed copies of PLAINTIFF'S PHOTOGRAPH to numerous customers without PLAINTIFF'S knowledge, consent, permission, or authorization.

**ANSWER:**  Getty Images admits that it licensed and distributed copies of PLAINTIFF'S PHOTOGRAPH to customers, and otherwise denies the remaining allegations in paragraph 68.

69.     Prior to 2022, PLAINTIFF was unaware that GETTY IMAGES had acquired a copy of PLAINTIFF'S PHOTOGRAPH without his consent, permission, or authorization and the PHOTOGRAPH was never subject to any aspect of the license stated in PLAINTIFF'S contributor agreement with GETTY IMAGES.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 regarding Plaintiff's awareness and therefore denies the same, and denies the remaining allegations in paragraph 69.

70.     Prior to 2022, PLAINTIFF was unaware that GETTY IMAGES had sold licenses to PLAINTIFF'S PHOTOGRAPH to its customers without PLAINTIFF'S consent, permission, or authorization and without a license from PLAINTIFF.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 regarding Plaintiff's awareness and therefore denies the same, and denies the remaining allegations in paragraph 70.

71.     PLAINTIFF never authorized, permitted, or granted a license to GETTY
IMAGES to access, copy, scan, publish, license, distribute, or otherwise use his
PHOTOGRAPH.

**ANSWER:**  Getty Images denies the allegations in paragraph 71.

72.     PLAINTIFF never authorized or permitted any other person or entity – including
but not limited to any personnel of the NFL or any NFL corporate entities or subsidiaries – to
create a digital copy of the PHOTOGRAPH or to provide a digital copy of the PHOTOGRAPH
to WireIamge (sic) or GETTY IMAGES.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the
truth of the allegations in paragraph 72 regarding Plaintiff and/or the NFL corporate entities, and
therefore denies the allegations in paragraph 72.

### *Detroit Lions & TCI*

73.     On or about September 16, 2023, the DETROIT LIONS unveiled an 8-foot-tall
bronze statue of Barry Sanders (the "SANDERS STATUE") located outside of the team's
stadium in Detroit, Michigan.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 73 and therefore denies those allegations.

74.     Upon information and belief, TCI was commissioned by the DETROIT LIONS to
create the SANDERS STATUE.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 74 and therefore denies those allegations.

75.     Upon information and belief, TCI, either on its own initiative or at the request of
the DETROIT LIONS, downloaded, copied, and created a large-format print of PLAINTIFF'S

PHOTOGRAPH for purposes of slavishly recreating all details of PLAINTIFF'S PHOTOGRAPH in the SANDERS STATUE.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and therefore denies those allegations.

76.     On or about September 24, 2023, the DETROIT LIONS published a roughly 8-minute-long video to its official YouTube channel titled, "Sculpting Barry: The Making of Lions Legend Barry Sanders' Statue," (the "SCULPTING VIDEO") which includes footage of the sculptors working on the clay mold for the SANDERS STATUE in the TCI studio.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and therefore denies those allegations.

77.     A copy of the SCULPTING VIDEO was published by the DETROIT LIONS, including but not limited to publishing to YouTube at

https://www.youtube.com/watch?v=x6Oc6-67BHI&t=348s.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 and therefore denies those allegations.

78.     Upon information and belief, the SCULPTING VIDEO was produced by "One Pride Productions" – the media and documentary film division of the DETROIT LIONS – and was sponsored by Bud Light.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and therefore denies those allegations.

79.     Throughout the SCULPTING VIDEO, a large, printed copy of PLAINTIFF'S PHOTOGRAPH is featured prominently and hangs directly behind the clay mold of the SANDERS STATUE in the TCI studio.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 and therefore denies those allegations.

80.     At or about the 3:53 minute mark of the SCULPTING VIDEO, one of the sculptors acknowledges that they purposefully intended to slavishly "recreate" PLAINTIFF'S PHOTOGRAPH, stating: "We have a photo that's considered the most iconic running photo ever taken of Barry Sanders [and] that's what's being re-created in this sculpture." The blown-up, printed copy of PLAINTIFF'S PHOTOGRAPH can be seen in the background of the video at this time, and a black-and-white digital "still" copy of the image is displayed, in isolation, shortly thereafter.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 and therefore denies those allegations.

81.     A true and correct copy of screen captures from the SCULPTING VIDEO that demonstrate the unauthorized copying, printing, and use of a copy of PLAINTIFF'S PHOTOGRAPH are attached hereto at <u>EXHIBIT 2</u>.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 and therefore denies those allegations.

82.     PLAINTIFF never authorized, licensed, or otherwise granted permission to the DETROIT LIONS or TCI to create a derivative work slavishly based on his PHOTOGRAPH.

**ANSWER:** Getty Images lacks sufficient knowledge or information to form a belief of the truth of the allegations in paragraph 82, and therefore denies the same.

83.     PLAINTIFF never authorized, licensed, or otherwise granted permission to TCI to create a large-format print of the PHOTOGRAPH to be hung in the TCI studio for purposes of using it as a model to slavishly "re-create[]" it in a derivative work.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 and therefore denies those allegations.

84.     PLAINTIFF never authorized, licensed, or otherwise granted permission to DETROIT LIONS to create, publish, and distribute a video prominently displaying his PHOTOGRAPH or to engage any entity to create a derivative work of his PHOTOGRAPH.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and therefore denies those allegations.

85.     Upon information and belief, the DETROIT LIONS earn money based on views of the videos that they publish to their YouTube channel, including the SCULPTING VIDEO.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 and therefore denies those allegations.

### *Retail Defendants*

86.     Upon information and belief, the DETROIT LIONS, either directly or through/in concert with NFL PROPERTIES, contracted with HIGHLAND MINT to create a framed 13" x 16" memorabilia product called "Statue Unveiling Silver Coin Photo Mint" (the "PHOTO MINT PRODUCT") to commemorate the unveiling of the SANDERS STATUE.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 and therefore denies those allegations.

87.     The PHOTO MINT PRODUCT features two unauthorized copies of PLAINTIFF'S PHOTOGRAPH—one that is unaltered, and a second that has been edited/colorized and placed atop a digital plinth, to appear as if it is the statue itself.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 and therefore denies those allegations.

88.     [OMITTED BY PLAINTIFF]

89.     Upon information and belief, the PHOTO MINT PRODUCT is identified as being "officially licensed" by the NFL, which grants licenses to use the trademarks of its member clubs, including DETROIT LIONS, through NFL PROPERTIES.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and therefore denies those allegations.

90.     Upon information and belief, NFL PROPERTIES and/or NFL ENTERPRISES, and DETROIT LIONS had the right and practical ability to stop the creation, sale, and distribution of the infringing PHOTO MINT PRODUCT.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 and therefore denies those allegations.

91.     Upon information and belief, NFL PROPERTIES and/or NFL ENTERPRISES, and DETROIT LIONS earned revenue in the form of a commission or royalty from sales of the infringing PHOTO MINT PRODUCT.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 and therefore denies those allegations.

92.     Upon information and belief, TCI created the altered version of the PHOTOGRAPH to be used in the PHOTO MINT PRODUCT as the print itself states it was created by TCI.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 and therefore denies those allegations.

93.     Upon information and belief, DSG displayed and offered the PHOTO MINT PRODUCT for sale on its website at https://www.dickssportinggoods.com/p/highland-mint-

detroit-lions-barry-sanders-statue-unveiling-silver-coin-photo-mint-

23hmiunfllnssndrsdet/23hmiunfllnssndrsdet.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 93 and therefore denies those allegations.

94.     A true and correct copy of a screen capture of the PHOTO MINT PRODUCT

being offered for sale on the DSG website is attached hereto as <u>EXHIBIT 3</u>.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 94 and therefore denies those allegations.

95.     Upon information and belief, FANATICS displayed and offered the PHOTO

MINT PRODUCT for sale on its website at https://www.fanatics.com/nfl/detroit-lions/barry-

sanders-detroit-lions-highland-mint-13-x-16-statue-unveiling-silver-coin-photo-mint/o-1383+t-

69154619+p-5744770671352+z-9-2666839644.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 95 and therefore denies those allegations.

96.     A true and correct copy of a screen capture of the PHOTO MINT PRODUCT

being offered on the FANATICS website is attached hereto as <u>EXHIBIT 4</u>.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 96 and therefore denies those allegations.

97.     Upon information and belief, FANATICS and NFL ENTERPRISES and/or NFL

PROPERTIES displayed and offered the PHOTO MINT PRODUCT for sale through the NFL

Shop at https://www.nflshop.com/detroit-lions/detroit-lions-barry-sanders-highland-mint-13-x-

16-statue-unveiling-silver-coin-photo-mint/t-14372408+p-799966620636870+z-9-

747336642?_ref=p-SRP:m-GRID:i-r4c0:po-12.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 and therefore denies those allegations.

98.     A true and correct copy of a screen capture of the PHOTO MINT PRODUCT being offered on the NFL Shop website is attached hereto as <u>EXHIBIT 5</u>.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and therefore denies those allegations.

99.     Upon information and belief, DETROIT LIONS, either directly or through/in concert with NFL PROPERTIES, contracted with MCFARLANE to create a 7" toy figurine (the "TOY PRODUCT") depicting Barry Sanders, in three different color styles (white jersey, blue jersey, and gold/bronze).

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and therefore denies those allegations.

100.    The TOY PRODUCT is described on the MCFARLANE website as having been "modeled after [Sanders'] iconic running pose" as depicted in PLAINTIFF'S PHOTOGRAPH.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 and therefore denies those allegations.

101.    MCFARLANE displayed and offered the TOY PRODUCT for sale through its website located at <u>https://mcfarlanetoysstore.com/barry-sanders-white-jersey-detroit-lions-nfl-7in-figure-mcfarlanes-sportspicks/</u>.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 and therefore denies those allegations.

102.    A true and correct copy of a screen capture of the TOY PRODUCT being offered on the MCFARLANE website is attached hereto as <u>EXHIBIT 6</u>.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 and therefore denies those allegations.

103.    Upon information and belief, the TOY PRODUCT was modeled in the exact same position and mold as the SANDERS STATUE and was purposefully released at or around the same time as the statue's unveiling.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 and therefore denies those allegations.

104.    Upon information and belief, the TOY PRODUCT and SANDERS STATUE are both intended to be slavish recreations of PLAINTIFF'S PHOTOGRAPH.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 and therefore denies those allegations.

105.    Upon information and belief, VC COLLECTIBLES printed, displayed, sold, and distributed an unauthorized "8x10 Autographed Photo Re-Print" of PLAINTIFF'S PHOTOGRAPH on and through its eBay account. A true and correct screen capture of this product is attached hereto as EXHIBIT 7.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 and therefore denies those allegations.

106.    Upon information and belief, the RETAIL DEFENDANTS sold copies of the aforementioned products to customers and earned a profit in doing so.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 and therefore denies those allegations.

*General Allegations*

107.    PLAINTIFF never granted any DEFENDANTS permission, authorization, or a license to use the PHOTOGRAPH for any of the uses or products identified and alleged herein.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 regarding the other defendants and therefore denies those allegations, and otherwise denies the remaining allegations in paragraph 107.

108.    Upon information and belief, the DETROIT LIONS and TCI purposefully copied PLAINTIFF'S PHOTOGRAPH as the basis for the SANDERS STATUE because it is "the most iconic running photo ever taken" of Sanders, as shown in the SCULPTING VIDEO.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 and therefore denies those allegations.

109.    Upon information and belief, the DETROIT LIONS and TCI purposefully attempted to slavishly recreate every detail of PLAINTIFF'S PHOTOGRAPH, copying all protectable elements of PLAINTIFF'S original PHOTOGRAPH, all of which are owned exclusively by PLAINTIFF.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 and therefore denies those allegations.

110.    Upon information and belief, the DETROIT LIONS and MCFARLANE similarly attempted to slavishly recreate protectible elements of PLAINTIFF'S PHOTOGRAPH as the basis of the TOY PRODUCT.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 and therefore denies those allegations.

111.    Upon information and belief, the DETROIT LIONS, HIGHLAND MINT, and TCI used actual copies of PLAINTIFF'S PHOTOGRAPH and incorporated them into the PHOTO MINT PRODUCT that was offered for sale and sold by NFL PROPERTIES, FANATICS, and DSG.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 therefore denies those allegations.

112.    Because information regarding DEFENDANTS' copying and uses of PLAINTIFF'S PHOTOGRAPH remains in DEFENDANTS' possession, the full and complete scope of DEFENDANTS' infringing uses of PLAINTIFF'S PHOTOGRAPH has not yet been fully ascertained.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 and therefore denies those allegations.

113.    Upon information and belief, DEFENDANTS each obtained a financial benefit from the infringing uses of PLAINTIFF'S PHOTOGRAPH identified herein.

**ANSWER:**  Getty Images admits that it obtained revenue from licensing Plaintiff's Photograph, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 regarding the other defendants and therefore denies those allegations, and otherwise denies the remaining allegations contained in paragraph 113.

114.    DEFENDANTS, by their willful, knowing, and/or reckless actions, injured PLAINTIFF by engaging in the unlicensed, unauthorized, and uncompensated use of PLAINTIFF'S creative work and, as such, deprived PLAINTIFF of his control over, and rightful compensation for the use of his creative work.

**ANSWER:** Getty Images denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 regarding the remaining defendants and therefore denies those allegations, and otherwise denies the remaining allegations contained in paragraph 114.

**COUNT I**
**DIRECT, CONTRIBUTORY AND/OR VICARIOUS**
**COPYRIGHT INFRINGEMENT**
**AGAINST ALL DEFENDANTS**

115.   PLAINTIFF repeats and re-alleges each allegation set forth in the paragraphs above as if set forth fully herein.

**ANSWER:** Getty Images incorporates its foregoing answering paragraphs by reference.

116.   PLAINTIFF created and owns all copyrights in and to the PHOTOGRAPH at issue in this action, a copy of which is set forth in Exhibit 1.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 therefore denies those allegations.

117.   PLAINTIFF'S copyrights in and to the work at issue in this action have been registered with the United States Copyright Office prior to the filing of this action.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 therefore denies those allegations.

118.   DEFENDANTS infringed PLAINTIFF'S copyrights by making unauthorized copies, uses, and derivative copies of PLAINTIFF'S work as described herein.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 regarding the remaining defendants, and therefore denies those allegations, and otherwise denies the remaining allegations contained in paragraph 118.

119.    By making unauthorized copies, uses, and derivative copies of PLAINTIFF'S copyrighted work, DEFENDANTS infringed PLAINTIFF'S exclusive rights and otherwise misappropriated PLAINTIFF'S intellectual property for their own profit, causing PLAINTIFF significant injuries, damages, and losses in amounts to be determined at trial.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 regarding the remaining defendants, and therefore denies those allegations, and otherwise denies the remaining allegations contained in paragraph 119.

120.    To the extent that DEFENDANTS did not directly copy the PHOTOGRAPH themselves, they are liable for secondary infringement by causing or benefiting from the infringing conduct of others as alleged herein.

**ANSWER:**  Paragraph 120 states a legal conclusion that requires no response.  To the extent a response is required, Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 regarding the remaining defendants and therefore denies those allegations, and denies the remaining allegations contained in paragraph 120.

121.    Upon information and belief, NFL PROPERTIES and NFL ENTERPRISES have the right and practical ability to control the content made available on/through the NFL Shop, in partnership with FANATICS.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 regarding NFL Properties, NFL Enterprises, and Fanatics, and therefore denies those allegations, and denies the remaining allegations contained in paragraph 121.

122.    Upon information and belief, NFL PROPERTIES and NFL ENTERPRISES financially benefited from the sales the infringing products alleged herein, including through licensing agreements with FANATICS, DSG, HIGHLAND MINT, and DETROIT LIONS, and through sales of those products through the NFL Shop.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 regarding NFL Properties, NFL Enterprises, Fanatics, Highland Mint, and Detroit Lions, and therefore denies those allegations, and denies the remaining allegations contained in paragraph 122.

123.    All DEFENDANTS obtained direct financial benefits from their infringements of PLAINTIFF'S PHOTOGRAPH, including through unauthorized licenses and sales of products incorporating the PHOTOGRAPH.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 regarding the remaining defendants, and therefore denies those allegations, and denies the remaining allegations contained in paragraph 123.

124.    By failing to secure the rights and license necessary to copy, publish, distribute, and otherwise use and/or exploit PLAINTIFF'S PHOTOGRAPH, DEFENDANTS each acted willfully, intentionally, and/or with reckless disregard for PLAINTIFF'S copyrights.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 regarding the remaining defendants, and therefore denies those allegations, and denies the remaining allegations contained in paragraph 124.

125.    Upon information and belief, the DETROIT LIONS and TCI are responsible for designing the SANDERS STATUE, including by selecting, copying, editing, using, and

authorizing the copying, reproduction, and use of PLAINTIFF'S PHOTOGRAPH without permission.

**ANSWER:**  Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 regarding the Detroit Lions and TCI, and therefore denies those allegations.

126.    By illegitimately offering, distributing, and/or sublicensing the PHOTOGRAPH for purposes of creating the SANDERS STATUE, the PHOTO MINT PRODUCT, and the TOY PRODUCT without PLAINTIFF'S permission, the DETROIT LIONS usurped and violated PLAINTIFF'S exclusive rights to copy, distribute, and prepare derivative works based upon the PHOTOGRAPH.

**ANSWER:**  Paragraph 126 states a legal conclusion that requires no response.  To the extent a response is required, Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore denies those allegations.

127.    PLAINTIFF seeks all damages recoverable under the Copyright Act, including actual damages and DEFENDANTS' profits attributable to the unauthorized uses of PLAINTIFF'S creative work described herein, and any damages suffered as a result of the lack of credit and attribution.

**ANSWER:**  Paragraph 127 states a legal conclusion that requires no response.  To the extent a response is required, Getty Images denies the remaining allegations contained in paragraph 127.

**COUNT II**
**BREACH OF CONTRACT**
**(AGAINST THE NFL DEFENDANTS)**

128.    PLAINTIFF repeats and re-alleges each allegation set forth in the paragraphs above as if set forth fully herein.

**ANSWER:** Images incorporates its foregoing answering paragraphs by reference.

129. Upon information and belief, NFL PROPERTIES and/or NFL ENTERPRISES failed to return to him or physically transfer the original slides of PLAINTIFF'S ARCHIVAL COLLECTION slides to WireImage as agreed.

**ANSWER:** Getty Images lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 regarding NFL Properties and/or NFL Enterprises and therefore denies those allegations, and otherwise denies the remaining allegations contained in paragraph 129.

130. Upon information and belief, NFL PROPERTIES and/or NFL ENTERPRISES instead transferred PLAINTIFF'S ARCHIVAL COLLECTION, including the PHOTOGRAPH at issue, to an NFL-controlled storage facility.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies the same.

131. Upon information and belief, NFL PROPERTIES and/or NFL ENTERPRISES created a digital copy of PLAINTIFF'S PHOTOGRAPH without his knowledge or permission thereby violating his copyrights as alleged above and in breach of the agreement with PLAINTIFF.

**ANSWER:** Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies the same.

132. By failing to perform its obligations under the agreement with PLAINTIFF, the NFL PROPERTIES and/or NFL ENTERPRISES materially breached the contract and caused PLAINTIFF damages, in an amount to be determined at trial.

**ANSWER:** Paragraph 132 states a legal conclusion that requires no response. To the extent a response is required, Getty Images denies the remaining allegations contained in paragraph 136.

## COUNT III
## VIOLATION OF DMCA § 1202

133.   PLAINTIFF repeats and re-alleges each allegation set forth in the paragraphs above as if set forth fully herein.

**ANSWER:** Getty Images incorporates its foregoing answering paragraphs by reference.

134.   Upon information and belief, when an agent or employee of NFL PROPERTIES and/or NFL ENTERPRISES uploaded PLAINTIFF'S PHOTOGRAPH to WireImage, they intentionally included false copyright management information, falsely identifying NFL Photos as a co-owner of copyrights in and to the PHOTOGRAPH for purposes of further distribution.

**ANSWER:** Getty Images lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 regarding NFL Properties and/or NFL Enterprises and therefore denies those allegations.

135.   Upon information and belief, NFL PROPERTIES and/or NFL ENTERPRISES intentionally distributed false copyright management information together with the PHOTOGRAPH in order to facilitate and/or conceal the infringement of PLAINTIFF'S wholly owned and exclusive rights.

**ANSWER:** Getty Images lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 regarding NFL Properties and/or NFL Enterprises and therefore denies those allegations.

136.   The foregoing conduct constitutes a violation of the D.M.C.A., 17 U.S.C.§ 1202(a)(1), for which a separate award of damages are recoverable.

**ANSWER:** Paragraph 136 states a legal conclusion that requires no response.  To the extent a response is required, Getty Images denies the remaining allegations contained in paragraph 136.

## COUNT IV
## REQUEST FOR DECLARATORY JUDGMENT

137.    PLAINTIFF repeats and re-alleges each allegation set forth in the paragraphs above as if set forth fully herein.

**ANSWER:** Getty Images incorporates its foregoing answering paragraphs by reference.

138.    As alleged herein, an actual controversy has arisen between PLAINTIFF and NFL PROPERTIES, NFL ENTERPRISES, and GETTY IMAGES related to the ownership and rights regarding PLAINTIFF'S PHOTOGRAPH and ARCHIVAL COLLECTION more broadly.

**ANSWER:** Paragraph 138 states a legal conclusion to which no response is required. To the extent a response is required, Getty Images denies the remaining allegations contained in paragraph 138.

139.    As alleged herein, PLAINTIFF did not authorize NFL PROPERTIES or NFL ENTERPRISES to create digital copies of PLAINTIFF'S PHOTOGRAPH in 2004 or to select certain images in PLAINITFF'S ARCHIVAL COLLECTION to be submitted by the NFL DEFENDANTS to WireImage.

**ANSWER:** Getty Images lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 regarding NFL Properties and/or NFL Enterprises and therefore denies those allegations, and otherwise denies the remaining allegations contained in paragraph 139.

140.    PLAINTIFF did not authorize NFL PROPERTIES or NFL ENTERPRISES to claim that NFL Photos owned any copyrights in the PHOTOGRAPH or to insist that NFL Photos receive any credit or attribution in any sublicensing of the PHOTOGRAPH.

**ANSWER:**  Getty Images lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore denies those allegations.

141.    PLAINTIFF did not authorize GETTY IMAGES to copy, publish, sell, control, or license copies any of the select photographs in PLAINTIFF'S ARCHIVAL COLLECTION that NFL PROPERTIES or NFL ENTERPRISES selectively chose to upload to WireImage.

**ANSWER:**  Getty Images denies the allegations in paragraph 141.

142.    PLAINTIFF thus seeks a declaratory judgment that NFL PROPERTIES or NFL ENTERPRISES improperly transferred PLAINTIFF'S PHOTOGRAPH to WireImage, which was then acquired by GETTY IMAGES, and that neither entity has the proper authority to offer, sell, or distribute the PHOTOGRAPH or any of the other photographs in PLAINTIFF'S ARCHIVAL COLLECTION NFL PROPERTIES or NFL ENTERPRISES selectively chose to scan and upload without his knowledge or consent.

**ANSWER:**  Paragraph 142 states a legal conclusion that requires no response.  To the extent a response is required, Getty Images denies the remaining allegations contained in paragraph 142.

## AFFIRMATIVE AND OTHER DEFENSES

Below are Getty Images affirmative and other defenses.  By setting forth these affirmative and other defenses, Getty Images does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff.

1.    **Statute of Limitations.** Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

2.    **Failure to State a Claim**.  Plaintiff's allegations, in whole or in part, fail to state a claim upon which relief can be granted.

3. **License**.  Plaintiff's claims are barred because he granted a license to use the photograph.

4. **Failure to Mitigate**.  Plaintiff's claims are barred and/or its remedies are limited, in whole or in part, by its failure to mitigate its alleged damages.

5. **Supervening Acts**.  Plaintiff's claims are barred, in whole or in part, to the extent that the alleged cause of action arises from supervening events and/or conduct not attributable to Getty Images.

6. **No Damages.**  Plaintiff has not suffered any actual damages.

7. **Improper Forum; Arbitration Agreement**. The Getty Images Contributor Agreement Plaintiff accepted has a mandatory, binding arbitration clause that governs this dispute.  Plaintiff has failed to comply with that agreement to arbitrate, and that agreement precludes this litigation. Getty Images reserves the right to move to compel arbitration.

8. **Reservation of Rights.**  Getty Images reserves the right to assert additional separate defenses as discovery proceeds in this case.  Getty Images further reserves the right to supplement, amend, or modify each of these separate and additional defenses, as appropriate, based on information obtained during the litigation.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Getty Images respectfully requests that:

1. Plaintiff's Amended Complaint be dismissed in its entirety with prejudice and judgment be entered in favor of Getty Images;

2. Plaintiff takes nothing by reason of its Amended Complaint;

3. Getty Images be awarded their costs of suit, including reasonable attorneys' fees and costs to the extent permitted by law; and

4.      The Court award such other and further relief as the Court deems just and proper.


Dated: New York, New York          Respectfully submitted,
        May 10, 2024
                                    DAVIS WRIGHT TREMAINE LLP

                                    By: /s/ James Rosenfeld_____
                                    James Rosenfeld
                                    Nimra H. Azmi
                                    1251 Avenue of the Americas, 21st Floor
                                    New York, NY 10020-1104
                                    Tel: (212) 603-6455
                                    Email: jamesrosenfeld@dwt.com
                                            nimraazmi@dwt.com

                                    *Attorneys for Defendant Getty Images (US), Inc.*