**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLEN KEE, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 1:24-cv-00223 |
| v. | ) |
| | ) Hon. Andrew L. Carter, Jr. |
| THE DETROIT LIONS, INC.; GETTY IMAGES (US), INC.; NFL PROPERTIES, LLC; NFL ENTERPRISED, LLC; FANATICS RETAIL GROUP NORTH, LCC; DICK'S SPORTING GOOD, INC.; BULLION INTERNATIONAL, INC. d/b/a THE HIGHLAND MINT; TIMELESS CREATIONS, INC; MCFARLANE TOYS, INC.; KEVIN GORDON d/b/a VC COLLECTIBLES; and JOHN DOES 1-10, | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF DEFENDANT**
**TIMELESS CREATIONS, INC.'S MOTION TO DISMISS**

Allen J. Underwood II
Lite DePalma Greenberg & Afanador LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Phone: (973) 623-3000
aunderwood@litedepalma.com

Thomas C. Koessl
Williams, Bax & Saltzman, P.C.
221. N. LaSalle St., STE 3700
Chicago, Illinois 60601
Phone: (312) 372-3311
koessl@wbs-law.com

*Attorneys for Defendant Timeless Creations, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................. 1

  I.   ONLY DEFENDANT'S CONTACTS WITH THE FORUM STATE MATTER FOR JURISDICTIONAL ANALYSIS ....................................................................................... 1

 II.   PLAINTIFF DOES NOT ADDRESS THE ISSUE OF THE RELATION BETWEEN TCI's CONTACTS WITH NEW YORK AND THE LITIGATION…............................. 2

    A.  Plaintiff cites the incorrect rule for determining relatedness under New York's long arm statute ................................................................................................................. 2

    B.  Plaintiff's contributory infringement and vicarious liability claims do not arise out of TCI's contacts with New York ........................................................................ 3

    C.  This case might eventually involving a licensing defense is not relevant to jurisdiction ............................................................................................................. 4

CONCLUSION....................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ............................................. 4

*Am. Needle, Inc. v. NFL*, 560 U.S. 183 (2010) ...................................................................................4

*Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398 (S.D.N.Y. 2011) ......................... 3, 4

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) ......................................................... 3

*D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292 (2017) ............. 3

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021) ............................. 5

*Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U. S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).................................................................................................................................. 1

*Klauber Bros., Inc. v. QVC, Inc.*, No. 1:19-cv-09321, 2020 U.S. Dist. LEXIS 223308 (S.D.N.Y. Nov. 30, 2020) ................................................................................................................................. 3

*Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013) ................................................. 2.3

*United States Bank Nat'l Ass'n v. Bank of Am. Nat'l Ass'n*, 916 F.3d 143 (2d Cir. 2019) … 1,2,3,4

*Walden v. Fiore*, 571 U.S. 277 (2014) ....................................................................................... 1, 4

Statutes

N.Y. C.P.L.R. § 302(a)(1) .................................................................................................................3

**Introduction**

The Timeless Creations, Inc. ("TCI") opening brief sets forth the dispositive issues for this motion, and nothing raised in Plaintiff's opposition brief shows jurisdiction is proper in New York. This case was brought by a photographer who resides in Connecticut and Florida. The photographer's claim is about a statue commissioned in Illinois to be displayed on a public street in Detroit, Michigan, and a YouTube video filmed in Illinois. The NFL is not alleged to have been involved in the creation of the statue or the video. The claims against TCI have nothing to do with New York.

To try to manufacture jurisdiction in New York, Plaintiff impermissibly relies on contacts with New York that were not created by TCI. Further, Plaintiff fails to address the lack of relation between TCI's alleged contacts with New York and Plaintiff's claim, which is one of the primary reasons why specific jurisdiction is inappropriate. For each of the reasons articulated in TCI's opening brief, and as explained further below, the claims against TCI should be dismissed for lack of personal jurisdiction and improper venue.

**I.   Only a defendant's contacts with the forum state matter for a jurisdictional analysis**

Plaintiff's general and specific jurisdictional arguments impermissibly rely on contacts with New York created by third parties. "The unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citing *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U. S. 408, 417, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)) (emphasis added).

This language from the Supreme Court makes clear that contacts created by another party to this litigation (Fanatics, Inc., Dicks Sporting Goods, Inc., Bullion International, Inc. d/b/a The

Highland Mint, etc.) as well as contacts created by non-litigant third parties (the National Football League and related NFL entities) are not relevant to this jurisdictional analysis. That means allegations of New York contacts such as the sale of allegedly infringing items in New York are relevant only to the parties alleged to have sold those items. This is the "logical [and] legal" basis which Plaintiff argues is missing and explains why Plaintiff's jurisdictional allegations centered around TCI's relationship with the NFL are not relevant.

**II. Plaintiff does not address the issue of the relation between TCI's contacts with New York and this litigation**

Plaintiff's opposition hardly discusses the issue of whether TCI's contacts with New York are related to the claim at issue. This consideration is mandated by both New York's long arm statute and the Constitution. Application of this factor dispenses with a number of issues raised in Plaintiff's opposition.

**A. Plaintiff cites the incorrect rule for determining relatedness under New York's long arm statute**

Plaintiff tries to steer away from the proper rule of analysis for relatedness by using a partial quote from *United States Bank Nat'l Ass'n v. Bank of Am. Nat'l Ass'n*, 916 F.3d 143, 151 (2d Cir. 2019). Plaintiff's truncated quote reads "a claim arises out of forum contacts when defendant's allegedly culpable conduct involves at least in part financial transactions that touch the forum." This quote is not a rule for analysis but rather a reference to a previous finding of the court. The full quote is "[w]e have found that a claim arises out of forum contacts when defendant's allegedly culpable conduct involves at least in part financial transactions that touch the forum." *United States Bank Nat'l Ass'n*, 916 F.3d at 151 (emphasis added). The case cited by the court in *United States Bank Nat'l Ass'n* was *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 169 (2d Cir. 2013).

In *Licci*, the court analyzed jurisdiction under New York's long arm statute and applied the

2

rule that a claim arises out contacts "where at least one element arises from the New York contacts." *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 169 (2d Cir. 2013). This rule was satisfied because the plaintiff's claim arose out of a financial transaction that took place in New York. *Id*. Thus, the court in *United States Bank Nat'l Ass'n* was not articulating a rule but merely mentioning a situation wherein the "arise out of" requirement was satisfied by a financial transaction related to the plaintiff's claims. Here, however, plaintiff cannot point to any financial transaction in New York in which TCI was involved.

### B. Plaintiff's contributory infringement and vicarious liability claims do not arise out of TCI's contacts with New York

Plaintiff's claims of contributory and vicarious copyright infringement do not arise out of any contacts TCI has with New York and thus fail to pass either New York's long arm statute or the minimum contacts due process test. N.Y. C.P.L.R. § 302(a)(1) requires that a suit arises out of the business conducted in New York by a defendant. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). "A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998) (internal quotation marks omitted). "[A]n articulable nexus or substantial relationship exists where at least one element arises from the New York contacts." *D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 299 (2017) (emphasis added).

"To prove a contributory copyright infringement claim, a plaintiff needs to allege that a defendant (1) had actual or constructive knowledge of the infringing activity, and (2) encouraged or assisted others' infringement, or provided machinery or goods that facilitated infringement." *Klauber Bros., Inc. v. QVC, Inc.*, No. 1:19-cv-09321, 2020 U.S. Dist. LEXIS 223308, at *8 (S.D.N.Y. Nov. 30, 2020) (citing *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 432

3

(S.D.N.Y. 2011) and *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001)). Vicarious liability for copyright infringement requires showing "the defendant (1) had the right and ability to supervise the infringing activity and (2) has a direct financial interest in such activities." *Id.* (cleaned up).

Any allegations regarding knowledge of infringement or an attenuated financial interest do not involve New York because the entity with the knowledge and interest would be TCI, which is in Illinois. Similarly, any encouragement or assistance TCI allegedly provided would necessarily have taken place in Illinois. Even assuming that, as Plaintiff alleges (CM/ECF #115 at ¶6), TCI sent the Kee photo to The Highland Mint (TCI did not), Plaintiff's jurisdictional allegations still fall short because The Highland Mint is based in Florida. (CM/ECF #50 at ¶ 21). Plaintiff argues a connection to New York because The Highland Mint allegedly obtained a license from an NFL entity in New York to make its product. (CM/ECF #115 at ¶6). Even if true, that contact is properly attributable only to The Highland Mint and not to TCI.

Plaintiff additionally argues that contributory infringement somehow imputes contacts related to the sales of allegedly infringing products onto TCI. (CM/ECF #105 at ¶8-9). But, once again, "[t]he unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Walden*, 571 U.S., 284, (2014) (emphasis added). Plaintiff has not alleged that TCI directed or caused infringing products to be sold in New York (*See*, CM/ECF #50 at ¶115-127). Any sales of infringing products in those states are the unilateral activity of another party and are irrelevant for purposes of this analysis.

### C. This argument that this case may involve a licensing defense is not relevant to jurisdiction

Plaintiff also contends that if TCI intends "to assert any license defense, that will require it

4

to demonstrate that it obtained the Photograph from the Lions, which Plaintiff argues is subject to general jurisdiction in this District . . .which in turn acquired the image from a company located in New York." (CM/ECF #115 at 9). But the due process inquiry requires that "the plaintiff's claims … arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1025 (20 21) (emphasis added). Plaintiff cannot theorize an affirmative defense—which at this point TCI has not raised or argued—to manufacture jurisdiction. Plaintiff's licensing defense argument is based on the idea that TCI's affirmative defense (not Plaintiff's claim) arises out of Defendant's contacts. It can thus be safely ignored.

## CONCLUSION

Timeless Creations, Inc. respectfully requests that the Court dismiss the Complaint as it pertains to Timeless Creations, Inc. for lack of personal jurisdiction and improper venue.

Dated: October 14, 2024

Oyster Bay, New York.

*/s/Allen J. Underwood II, Esq.*

Allen J. Underwood II, Esq.
Lite DePalma Greenberg & Afanador LLC
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Phone: (973) 623-3000
aunderwood@litedepalma.com

Thomas C. Koessl, Esq. (adm. *pro hac vice*)
Williams, Bax & Saltzman, P.C.
221. N. LaSalle St., STE 3700
Chicago, Illinois 60601
Phone: (312) 372-3311
koessl@wbs-law.com

*Attorneys for Defendant Timeless Creations, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply in Support of Notice of Motion was filed electronically with the United States District Court for the Southern District of New York on October 14, 2024 with notice for the case activity generated and sent to counsel of record.

*/s/ Allen J. Underwood II, Esq.*
Allen J. Underwood II, Esq.

*Attorney for Defendant Timeless Creations, Inc.*
