UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLEN KEE,<br><br>    *Plaintiff*,<br><br>v.<br><br>THE DETROIT LIONS, INC., *et al.*,<br><br>    *Defendants*. | Case No. 1:24-cv-00223 (ALC) (BCM)<br><br>Hon. Andrew L. Carter<br>Hon. Barbara C. Moses |

**REPLY IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR RECONSIDERATION</u>**

Kevin P. McCulloch (KM0530)
kevin@mkiplaw.com
Nate A. Kleinman (NK3168)
nate@mkiplaw.com
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Attorneys for Plaintiff*

Plaintiff Allen Kee ("Plaintiff") hereby submits this Reply in Support of his Motion for Reconsideration of the Court's March 30, 2025 Order (ECF No. 121 ("Order")), dismissing Defendant The Detroit Lions, Inc. ("Lions" or "Defendant") for lack of personal jurisdiction.

I. **THE COURT FAILED TO CONSIDER THE AGENCY THEORY IN ITS SPECIFIC JURISDICTION ANALYSIS.**

Defendant asserts that Plaintiff's motion presents a "rehash of [his] failed argument that because NFL entities are subject to personal jurisdiction in New York, every NFL team should be, too" and notes that "[t]he Court rightfully rejected this argument already," quoting the Court's ruling that the "Lions argue against the improper use of an agency theory to impute to the Detroit Lions the NFL's separate contacts with the state[, and t]he Court agrees that it cannot entertain such an argument." Opp. at 2-3 (quoting Order at 6). This argument ignores that the Court's ruling in this regard was in the context of its *general* jurisdiction analysis, whereas Plaintiff argues for reconsidering the agency question as it bears on specific jurisdiction.

Under New York's long-arm statute, the Court can and must consider an agency theory in the context of specific jurisdiction. N.Y. C.P.L.R. § 302(a)(1) (courts may exercise jurisdiction over a non-domiciliary who, "in person *or through an agent* . . . transacts any business within the state" and the claims "aris[e] from" those acts). The Court failed to properly consider that the business dealings of NFL Properties ("NFLP") in New York, which the FAC alleges were undertaken on behalf and for the benefit of the Detroit Lions, contributed to and gave rise to Plaintiff's claims regarding the memorabilia products at issue.

Focusing on isolated allegations, Defendant argues that Plaintiff failed to sufficiently plead that NFLP acted as the Lions' agent in its dealings with other defendants. *See* Opp. at 3. However, the Court must consider the complaint in its entirety. Although the FAC does not explicitly use the term "agent," it alleges all of the *factual requisites* to show an agency relationship – including

that NFLP acted "on behalf of" the Lions and the Lions acted "through" NFLP – and certainly sufficient facts to reasonably infer such a relationship, which is all that is required at this stage. *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) ("The proper question is whether there is a permissible relevant inference from '*all* of the facts alleged, taken collectively,' not whether an inference is permissible based on 'any individual allegation, scrutinized in isolation.'"). The relevant inquiry examines the *substance of the allegations*, not whether specific "talismanic words" were invoked. *E.g.*, *In re InSITE Servs. Corp., LLC*, 287 B.R. 79, 92 (S.D.N.Y. 2002) (collecting cases).

The FAC allegations must be construed "in the light most favorable to" Plaintiff and the Court must "resolve all doubts" in his favor. *In re Sumito Copper Litig.*, 120 F. Supp. 2d 328, 335 (S.D.N.Y. 2000). Taken as a whole, the FAC substantively pleads (and/or it can reasonably be inferred from the allegations) that NFLP acted on behalf of – *i.e.*, as an agent for –the Lions when it entered into contracts to "officially license[]" the Lions' intellectual property to the other defendants and when it published and sold those infringing products on the NFL Shop website and in this District. FAC ¶¶ 89, 98. Indeed, the FAC pleads what the Supreme Court already has held, that "[i]n making the relevant licensing decisions, NFLP is therefore 'an instrumentality' of the teams." *Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 201 (2010).

## II. PLAINTIFF'S CLAIMS HAVE AN ARTICULABLE NEXUS TO NEW YORK.

Defendant argues that "no element of Plaintiff's copyright infringement claims arises from contacts between the Detroit Lions and New York," and "[t]his is true even considering the alleged license between the Detroit Lions and NFL Properties, which relates only to the use of trademarks—not Plaintiff's purported copyright interest in the photograph that is the basis of Plaintiff's infringement claims." Opp. at 4-5. Again, however, Defendant conveniently overlooks that one of the basic elements of an infringement claim is *access* to the work. *See Williams v.*

2

*Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (noting that the "copying" element may be inferred by showing that "defendant had access to the copyrighted work"). Plaintiff's allegations that the Lions gained "access" to the Sanders Photograph via its contacts with Getty Images and its licensing arrangement with NFLP, both of which establish the Lions' *own* ties to New York that are directly relevant to and essential elements of Plaintiff's claims. Even if Plaintiff's claims do not concern the validity of that arrangement, there is no question that it is "substantially related" to the copyright claims. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 105 (2d Cir. 2006) (New York's long-arm statute "simply asks whether the parties' activities in New York and the asserted claim are substantially related").

Defendant also argues that it cannot be subject to personal jurisdiction through its licensing agreement with NFLP because "[t]he unilateral contacts of a licensee with a forum state are not attributable to the licensor." Opp. at 5 (citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998)). But this ignores Plaintiff's allegations – coupled with publicly-available information referred to in Plaintiff's opposition to Defendant's motion – that the licensing agreement itself includes terms by which the Lions consented to personal jurisdiction in New York and are governed by New York law. Plaintiff is not attempting to "attribute" the unilateral contacts of NFLP to the Lions; rather, Plaintiff asserts that Defendant's agreement with NFLP is *itself* the contact that establishes jurisdiction and satisfies the minimum contacts for purposes of Due Process. Indeed, the court in *Red Wing* distinguished the facts there from a similar case, *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995), in which the same court found jurisdiction *was* satisfied based on the location of a defendant's exclusive licensing partner. *See Red Wing Shoe Co.*, 148 F.3d at 1362 ("the focus in *Akro* was on the patentee's contacts with the

3

forum and its residents, namely, the patentee's contacts with its exclusive licensee" whereas "none of HHI's licensees reside in Minnesota" and "HHI had no dealings with them there")

### III. PLAINTIFF'S GETTY ARGUMENT IS NOT "AN ACT OF REVISIONISM."

Defendant claims that "Plaintiff's motion also asserts for the first time a hypothesized license between the Detroit Lions and Getty Images" and that "Plaintiff did not allege in the FAC that the Detroit Lions entered into a licensing agreement with Getty Images and thereby obtained the Kee Photo." Opp. at 6. Plaintiff does not have personal knowledge as to how exactly the Lions accessed or came into possession of the Sanders photograph. That information is solely within Defendant's possession, *see* FAC ¶ 112, which is precisely why Plaintiff *consistently* has argued that discovery is necessary and appropriate. The Lions do not deny entering into a contract with a New York entity that was subject to New York law in order to gain access to Plaintiff's Photograph, and cannot deny that doing so would require a finding that it is subject to jurisdiction here. Instead, the Lions attempt to leverage their silence and the lack of discovery to have these claims bifurcated, despite knowing that they are misleading this Court. This argument must be rejected. Plaintiff alleges that the only licensing entity with access to the high-resolution scan of the Photograph between 2007 and 2022 was Getty Images, *see* FAC ¶¶ 62-70, and that TCI obviously had access to such a high-resolution file in order to "create[] a large-format print of [the photograph] for purposes of slavishly recreating all details of [the photograph] in the [statue]." *Id*. ¶ 75. Plaintiff does not allege that "TCI sourced the Kee Photo" for all purposes, as Defendant asserts (Opp. at 6). Instead, the FAC alleges (and/or it is reasonably to infer from the complete allegations) that Getty Images was the *original* source of the photograph, as it was the *only* licensing entity with the required high-resolution scan on the Photograph at that time.

This is not a "new argument" as Defendant contends. (Opp. at 6.) Rather, Plaintiff's specifically stated in prior filings that "the only place the Lions could have obtained a high-

4

resolution copy of the Sanders Photo was Getty Images (or potentially the NFL itself)" and included a hyperlink to Getty Images' terms of use. (ECF No. 76 at 3.) And, as Defendant concedes, Plaintiff made the same argument in his opposition. (ECF 101 at 2-3, 10).

Defendant also asserts that a "forum selection clause in the hypothetical license with Getty Images cannot be enforced by Plaintiff" because he "has not alleged that he is a third-party beneficiary" or "closely related" to Getty Images. Opp. at 7. This is a red herring. The relevant jurisdictional question is not whether Plaintiff can enforce this provision, but whether the Lions *consented* to the jurisdiction of New York to gain access to Plaintiff's Photograph. It also is wrong. The FAC alleges that Plaintiff "entered into a contributing photographer agreement with [Getty Images]" (FAC ¶ 64), thus even if Getty Images did not have authority to license this *particular* photograph, Plaintiff certainly would be both a "closely related" party and intended beneficiary of a contract purporting to license his copyrights, especially because he would be owed royalties under any such contract. *Septembertide Pub., B.V. v. Stein and Day, Inc.*, 884 F.2d 675, 679 (2d Cir. 1989) (author "plainly is an intended beneficiary" of licensing contracts).

## IV. JURISDICTIONAL DISCOVERY IS WARRANTED.

Defendant is mistaken that Plaintiff "waived the argument for jurisdictional discovery." (Opp. at 8.) Plaintiff repeatedly requested jurisdictional discovery, including in the pre-motion conference and later in a joint status report. ECF No. 119 (noting "the Lions . . . are not willing to provide the licensing agreements . . . because those document[s] would reveal/confirm their significant connections to New York and undermine their arguments that they are not subject to specific jurisdiction in this District"). Plaintiff also requested jurisdictional discovery in opposing Defendant TCI's motion to dismiss. (ECF No. 115 at 9.) There can be no doubt from the record before the Court prior to its jurisdictional ruling that Plaintiff requested jurisdictional discovery and pointed to specific contracts that would be relevant to this inquiry.

5

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to for Reconsideration should be GRANTED.

Dated: New York, New York
May 8, 2025

/s/Kevin P McCulloch
Kevin P. McCulloch
Nate A. Kleinman
MCCULLOCH KLEINMAN LAW
501 Fifth Avenue, Suite 1809
New York, NY 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com

*Attorneys for Plaintiff*

## WORD COUNT CERTIFICATION

I hereby certify that I am an attorney, admitted to practice before this Court, and I am counsel of record for Plaintiff. In such capacity, I certify that this document contains 1,735 words, excluding the caption and signature block, and thus complies with the 1,750 word limit set by L.C.R. 6.3. I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
       May 8, 2025

<u>/s/Kevin P McCulloch</u>
Kevin P. McCulloch