**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

ALLEN KEE,

              Plaintiff,

v.

THE DETROIT LIONS, INC.; FANATICS RETAIL GROUP
NORTH, LLC; DICK'S SPORTING GOODS, INC.; BULLION
INTERNATIONAL, INC. d/b/a THE HIGHLAND MINT;
TIMELESS CREATIONS, INC.; MCFARLANE TOYS, INC.;
KEVIN GORDON d/b/a VC COLLECTIBLES; and JOHN DOES
1-10,

              Defendants.

Civil Case No.
1:24-cv-00223

Hon. Andrew L.
Carter, Jr.

---

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents; and

WHEREAS, those discovery proceedings may involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive research, development and commercial, financial, or business information and/or confidential intellectual property;

WHEREAS, good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 26(c)(1), that this Stipulated Confidentiality and Protective Order (the "Stipulation") will govern "Discovery Material" (information of any kind produced or disclosed in the course of

discovery in this action) by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation that a Producing Party has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order.

1.  Any Producing Party or that party's counsel may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party or that party's counsel reasonably believes in good faith that such Discovery Material contains non-public, previously non-disclosed, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation.

2.  Any Producing Party or that party's counsel may designate any Discovery Material as "Highly Confidential – Attorneys' Eyes Only" under the terms of this Stipulation if such Producing Party or that party's counsel reasonably believes in good faith that the protections afforded by the "Confidential" designation are not sufficient because such Discovery Material is among that considered to be most sensitive by that party, including but not limited to trade secrets, commercial or financial information, or business plans whose disclosure to another Party may cause or risk prejudice, harm, or damage to its business or interests.  Any Producing Party or that party's counsel may designate any Discovery Material as "Highly Confidential – Attorneys' Eyes Only" with respect to a particular, specified Party, but not other Parties, where disclosure to a particular Party, but not the other Parties, would cause or risk of prejudice, harm, or damage to its business or interests.

3.  The designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order (collectively, "Confidential Discovery Material") shall be made in the following manner:

A.  In the case of documents or other materials (apart from depositions or other

pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to the media containing the Discovery Material.

B.      With respect to deposition transcripts and exhibits, a Producing Party or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the Producing Party or that Party's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated "Highly Confidential – Attorneys' Eyes Only."

4.      Inadvertent failure to designate Discovery Material as Confidential Discovery

Material shall not constitute a waiver of such claim and may be corrected. Prior to trial, a Producing Party may designate as Confidential Discovery Material any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential Discovery Material, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall make a good faith effort to obtain the return or destruction of Discovery Material now designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by any prior recipients who are not bound by this Order.

5.     Unless otherwise ordered by the Court or permitted in writing by the Producing Party, Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.     The Parties and the directors, officers, employees, managers, members, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, their insurers, or counsel to their insurers;

B.     Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and

4

temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

C.      Experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation; provided such expert or consultant has first executed the form annexed as Exhibit A hereto;

D.      Any mediator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed the form annexed as Exhibit A hereto;

E.      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the form annexed as Exhibit A hereto;

F.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

G.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

H.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed that permits such disclosure, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

6.      Unless otherwise ordered by the Court or permitted in writing by the Producing

Party, Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.      Outside counsel of record in this Litigation who are not employees of a Party (i.e., who are not in-house counsel) but are retained to represent or advise a Party and have appeared in this Litigation on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and other attorneys, paralegals, secretaries, and other support staff employed in the law firm.

B.      Experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation; provided such expert or consultant has first executed the form annexed as Exhibit A hereto;

C.      Any mediator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed the form annexed as Exhibit A hereto;

D.      Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

E.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

F.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed that permits such

6

disclosure, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

7.      To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

8.      Recipients of Confidential Discovery Material under this Stipulation may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Stipulation, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Stipulation limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

9.      Counsel for the Party showing Confidential Discovery Material to any person required to execute Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10.      Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

11.      In accordance with Rule 6(D) of this Court's Individual Practices, Parties must obtain leave of the Court before filing any document under seal.  Any sealing request should include a party's proposed redactions.  If leave is granted, parties must file redacted copies with the Clerk of the Court.

12.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel or the Party (if unrepresented by counsel) with unredacted courtesy copies of the Confidential Court Submission.

13.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party, or the Party (if unrepresented by counsel), a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, the Parties will address their dispute to this Court in accordance with paragraph 2(A) of this Court's Individual Practices.  While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material.  The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which burden remains on the Producing Party that designates such Discovery Material or testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder.

14.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (1) notify in writing the Producing Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (4) request such person or persons not to

8

further disseminate the Confidential Discovery Material in any form; and (5) request such person or persons to execute the form annexed as Exhibit A hereto. Compliance with the foregoing shall not prevent any party from seeking additional relief from the Court.

15.    Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the Party, or the Party (if unrepresented by counsel), a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, the Parties will address their dispute to this Court in accordance with paragraph 2(A) of this Court's Individual Practices.

16.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

17.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification that all such information has been returned or destroyed.

19.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20.    The receiving party may move the Court for an Order compelling production of the

9

Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

21.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

22.    Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

23.    In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

24.    The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

25.    Subject to Section 28, within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.

26.    This Order will survive the termination of the Litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

27.    This Court will retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

28.    In the event that any Confidential Discovery Material is used by the Producing Party in open court during any court proceeding, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.

29.    Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and exhibits, expert reports, and litigation files (including correspondence, attorney work product, and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts and exhibits, expert reports, and litigation files (including correspondence, attorney work product, and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

30.    If any person subject to this Order and in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five business days of receipt of such Demand (or if a response to the Demand is due in less than five business days, at least 24 hours before the deadline for a response

11

to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must notify the party who caused the subpoena or compulsory process to issue that the Confidential Discovery Material covered by the subpoena or compulsory process is subject to this Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party.  If the Producing Party timely seeks a protective order, the Receiver shall not produce the Confidential Discovery Material covered by the subpoena or compulsory process before a determination of that motion by the court from which the subpoena or compulsory process issued, unless the Receiver has obtained the Producing Party's written permission. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court.  Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

31.     No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation.  In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention, that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.  The Receiver responsible for the disclosure or loss of

confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

So stipulated and agreed:

Dated: February 26, 2025                              Respectfully submitted,

*/s/ Kevin P. McCulloch*                          By:  */s/ Jusin P. Bagdady*

Kevin P. McCulloch                                   Susan M. Kornfield (P41071)
MCCULLOCH | KLEINMAN LAW                              Justin P. Bagdady (P79764)
501 Fifth Avenue, Suite 1809                         (admitted *pro hac vice*)
New York, New York 10017 T:                          BODMAN PLC
(212) 355-6050                                        201 S. Division Street, Suite 400
F: (206) 219-6358                                     Ann Arbor, MI 48104
kevin@mkiplaw.com nate@mkiplaw.com                    (734) 761-3780
                                                     skornfield@bodmanlaw.com
*Counsel for Plaintiff*                              jbagdady@bodmanlaw.com

                                                     Daniel J. Aaron
                                                     DANIEL J. AARON, P.C.
                                                     125 Park Avenue, 25th Floor
                                                     New York, NY 10017
                                                     (212) 684-4466
                                                     danielaaron@djaaron.onmicrosoft.com

                                                     *Counsel for Defendant The Detroit*
                                                     *Lions, Inc.*

*/s/ Thomas C. Koessl*                               */s/ Stephen Barrett*
Thomas C. Koessl                                     Jura Christine Zibas
(admitted *pro hac vice*)                            Stephen James Barrett
WILLIAMS, BAX & SALTZMAN, P.C.                        WILSON ELSER MOSKOWITZ
221 N. LaSalle St., Suite 3700                       EDELMAN & DICKER LLP
Chicago, IL 60601                                    150 East 42nd
T: (312) 372-3311                                    Street New York,
F: (708) 837-7913                                    NY 10017 T:
koessl@wbs-law.com                                   (212) 915-5756
                                                     F: (212) 490-3038
Allen Joseph Underwood, II                           jura.zibas@wilsonelser.com
LITE DEPALMA GREENBERG &                              stephen.barrett@wilsonelser.com
AFANADOR, LLC
570 Broad Street, Suite 1201                         *Counsel for Defendant McFarlane*
Newark, NJ 07102                                     *Toys, Inc.*

13

Case 1:24-cv-00223-ALC-BCM    Document 143    Filed 12/03/25    Page 14 of 16

T: 973-623-3000
Fax: 973-623-0858
aunderwood@litedepalma.com

*Counsel for Defendant*
*Timeless Creations, Inc*


/s/ Eric D. Sidler

Eric D. Sidler
*(admitted pro hac vice)*
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
T: (816) 292-2000
F: (816) 292-2001
Eric.Sidler@lathropgpm.com


Thomas H. Curtin (TC-5753)
Rylan S. Brook (TC 5846480)
60 Hudson Street, Suite 2203 New York,
NY 10013
T: (212) 226-5054
F: (212) 226-5085
THCurtin@PowleyGibson.com
RSBrook@PowleyGibson.com


*Counsel for Defendants Bullion*
*International, Inc., and Fanatics Retail*
*Group North, LLC*

/s/ Matthew F. Bruno

Matthew F. Bruno
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10036
212-790-4500
mbruno@manatt.com

*Counsel for Defendant Dick's*
*Sporting Goods, Inc.*


SO    ORDERED    this    3rd    day    of    December,    2025.


Hon. Andrew L. Carter, Jr.,
United States District Judge

14

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ALLEN KEE, | |
| Plaintiff, | |
| v. | Civil Case No. 1:24-cv-00223 |
| THE DETROIT LIONS, INC.; GETTY IMAGES (US), INC.; NFL PROPERTIES, LLC; NFL ENTERPRISES, LLC; FANATICS RETAIL GROUP NORTH, LLC; DICK'S SPORTING GOODS, INC.; BULLION INTERNATIONAL, INC. d/b/a THE HIGHLAND MINT; TIMELESS CREATIONS, INC.; MCFARLANE TOYS, INC.; KEVIN GORDON d/b/a VC COLLECTIBLES; and JOHN DOES 1-10, | Hon. Andrew L. Carter, Jr. |
| Defendants. | |

## AGREEMENT TO BE BOUND BY STIPULATED
## CONFIDENTIALITY AND PROTECTIVE ORDER

I have read the Stipulated Confidentiality and Protective Order (the "Stipulation") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation. I further agree not to disclose or use any Confidential Discovery Material (as defined in the Stipulation) for purposes other than those permitted under the Stipulation.

|  |  |
|---|---|
|  | Signature |
|  | Name |
|  | Affiliation |
| Date | Title |

4937-7659-6595_1
81477946.v5

2